IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| GRETA BELSLY AND GEORGIA MATT  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>  )<br>FUNMOBILE GAMES, INC. and FUNMOBILE, LTD.  )<br>  )<br>Defendants  ) | Case No. 08CV4170<br><br>Hon. Judge Andersen<br>Magistrate Judge Brown |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. §§ 1332, 1453, Defendants FUNMOBILE GAMES, INC. and FUNMOBILE, LTD (collectively, "Defendants") hereby remove this action, pending as Case No. 08 CH 22604 in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois.

This Notice advances arguments regarding removal under CAFA only, as is appropriate at this very early point in the litigation. Nonetheless, Defendants strongly dispute the accuracy of the allegations in the complaint. Class counsel has recycled allegations they previously made against other mobile content providers, aggregators, and wireless carriers,[1] apparently without undertaking even the most cursory investigation to determine that these generic allegations are

---

[1] *See, e.g., Fiddler v. AT&T Mobility, LLC, M-Qube, Inc., and Verisign, Inc.*, No. 07-CH-37212 (Ill. Cir. Ct.).

accurate with regard to Defendants. Defendants will rebut these allegations at the appropriate stage in the appropriate forum, which they believe to be the U.S. District Court for the Northern District of Illinois. As grounds for removal, Defendants state as follows:

## SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION

1. This action arises out of allegedly unauthorized charges on the Plaintiffs' cellular telephone bills for the Defendants' products and services. Specifically, Plaintiffs, on behalf of a putative nationwide class, allege that Defendants' practice of charging customers for mobile content (such as ringtones), ostensibly without sufficiently authenticating the customer's consent to these charges, is a "deliberate and willful scheme to cheat large numbers of people out of small amounts of money." Compl. ¶ 22. As a result, Plaintiffs have asserted claims for restitution and unjust enrichment; tortious interference with contract; and violation of unspecified consumer fraud provisions. Plaintiffs seek monetary damages, costs and attorneys' fees, pre- and post-judgment interest, and injunctive and declaratory relief.

2. Named plaintiffs Greta Belsly and Georgia Matt have brought this complaint on behalf of a nationwide class consisting of "all wireless telephone subscribers in the nation who suffered losses or damages as a result of Funmobile billing for mobile content products and services not authorized by the subscriber[.]" (Compl. ¶ 42.)

3. This Court has jurisdiction over this action pursuant to CAFA. CAFA grants federal courts jurisdiction over class actions where there is: (a) minimal diversity; (b) 100 or more class members; and (c) the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(2)(C), 1332(d)(5)(B), 1332(d)(6). As discussed in greater detail below, Defendants meet each of the requirements for removal. *First*, diversity of

citizenship exists because defendant Funmobile Ltd. is a Hong Kong corporation. In addition, there is no common citizenship between defendant Funmobile Games, Inc., a Delaware corporation, and the named Plaintiffs, who are citizens of Illinois and Montana. *Second*, this putative nationwide class undoubtedly exceeds the 100 member minimum, given the size of the U.S. customer base of companies within the Funmobile group (collectively, "Funmobile") and Plaintiffs' allegations that Defendants have "registered numerous transactions" and "frequently charges" their U.S. customers for unauthorized services, causing "many" customers to dispute charges for mobile content. Compl. ¶¶18, 20, 22. As plaintiffs note, the provision of mobile content to cell phone users is a "burgeoning industry," involving a "vast distribution system" through which mobile content is provided via "some of the largest wireless carriers nationwide." Compl. ¶¶ 8, 15. *Finally*, the amount in controversy requirement is satisfied, given the amount of revenue that the Funmobile companies earn from the provision of mobile content to U.S. customers and Plaintiffs' claims that this revenue is derived from Defendants "systematically, repeatedly and without authorization," not to mention "routinely" and "frequently," billing customers for unauthorized charges. Compl. ¶¶ 19-21.

4. The Circuit Court of Cook County, Illinois is located within the United States District Court for the Northern District of Illinois. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

5. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to them under state or federal law. Defendants expressly reserve the right to assert that personal jurisdiction is lacking and/or that Plaintiff's claims and the claims of the putative class must be decided on an individual basis through arbitration.

## STATE COURT FILINGS

6. On June 23, 2008, Plaintiffs commenced the instant action by filing a Complaint in the Circuit Court of Cook County, Illinois. A true and correct copy of the complaint with summons is attached hereto as Exhibit A. The action was designated as Case No. 08 CH 22604.

7. To Defendants' knowledge, Exhibit A is the only document in the state court file.

## TIMELY REMOVAL

8. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

## NOTICE OF REMOVAL

9. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the Circuit Court of Cook County, Illinois, and Plaintiff's counsel is being duly served with written notice of the removal.

## THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(d)(2)

10. This Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. §§ 1332, 1453, which grants federal courts original jurisdiction over actions where there is minimal diversity, 100 or more class members, and the aggregate amount in controversy exceeds $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). Under 28 U.S.C. §§ 1446 and 1453(b), Defendants can remove this action to this Court.

Diversity Of Citizenship

11.　　Plaintiffs represent that Greta Belsly is a citizen of Illinois and Georgia Matt is a citizen of Montana. Compl. ¶ 1.

12.　　Defendant Funmobile Games, Inc. is a Delaware corporation. It has no offices within Illinois or Montana. *See* Affidavit of Ed Yip ("Yip Affidavit"), ¶ 6 (attached as Exhibit B).

13.　　Defendant Funmobile, Ltd. is a limited company incorporated in Hong Kong. It has no offices within the United States. *Id.*, ¶ 7.

14.　　Under 28 U.S.C. § 1332 (d)(2)(C), diversity is satisfied where any defendant is a foreign state or a citizen or subject of a foreign state. Defendant Funmobile, Ltd. is a citizen of a foreign state, Hong Kong. Accordingly, diversity of citizenship exists between plaintiffs and Funmobile, Ltd. In addition, diversity of citizenship exists between Funmobile Games, Inc. and the named plaintiffs. *See* 28 U.S.C. § 1332 (d)(2)(A).

Class Action Consisting of More Than 100 Members

15.　　Plaintiffs represent a putative class defined as "all wireless telephone subscribers in the nation who suffered losses or damages as a result of Funmobile billing for mobile content products and services not authorized by the subscriber[.]" Compl. ¶ 42.

16.　　The United States is currently Funmobile's largest market. As of May 2008, Funmobile had approximately 817,000 customers in the United States. Since Funmobile first entered the United States in the first quarter of 2006 until December 31, 2007, roughly 2,909,000 cell phone users have become a customer of Funmobile in the United States. *See* Yip Affidavit, ¶ 3.

17.     Plaintiffs have alleged that Defendants "collect as many cell phone numbers as possible" and that "Defendants' practices will injure an ever-increasing number of unwitting customers." Compl. ¶ 8, 11. Plaintiffs also allege that Defendants have "registered numerous transactions" in the United States and "frequently charge[]" U.S. customers for unauthorized services, causing "many" customers to dispute charges for mobile content. Compl. ¶¶ 18, 20, 22.

18.     Given the sweeping nature of these allegations, and that the Funmobile companies have had in excess of 2.9 million customers in the United States, there is no doubt that the number of putative class members exceeds 100, as required for the purposes of 28 U.S.C. § 1332(d)(5)(B).

**Amount in Controversy**

19.     As noted at the outset of this Notice, Defendants deny that they have any liability to Plaintiffs. However, "the question is not what damages the plaintiff[s] will recover, but what amount is 'in controversy' between the parties." *Brill*, 427 F.3d at 448. For purposes of removal only, Defendants acknowledge that the amount in controversy – by no means the amount Plaintiffs are entitled to recover – is in excess of $5 million. *See* 28 U.S.C. § 1332(d)(2). Plaintiffs' own allegations, along with a conservative extrapolation based on the Funmobile companies' U.S. revenue, establish that there is a more than "reasonable probability that the stakes exceed the minimum." *Brill*, 427 F.3d at 449.

20.     Funmobile companies had approximately $33.9 million in total gross revenue during 2006 from selling mobile content to their U.S. customers.[2] During 2007, Funmobile companies

---

[2]     Neither Funmobile Games, Inc. nor Funmobile, Ltd. has ever had any U.S.-based revenue. *See* Yip Affidavit, ¶ 8.

6

had approximately $51.5 million in total gross revenue from selling mobile content to U.S. customers. *See* Yip Affidavit, ¶¶ 4, 8. Thus, looking at just 2006 and 2007, Funmobile has had U.S.-based revenues of over $85 million.

21.     Plaintiffs seek a refund of all unauthorized charges. Compl. ¶ 41. While Plaintiffs do not specify what proportion of Defendants' revenues result from unauthorized charges, they do allege that Defendants "*frequently*" charge U.S. customers "for services that were never authorized." Compl. ¶ 20, emphasis added. Plaintiffs contend that this unauthorized billing is a practice that Defendants have engaged in "for *years*" and this billing has been done "systematically, repeatedly and without authorization." Compl. ¶ 21 (emphasis added). Plaintiffs further allege that Defendants "have acted and failed to act on grounds generally applicable to Plaintiffs and other members of the Class[.] Compl. ¶ 46. Given the total revenue that the Funmobile companies have earned from the U.S. market, the amount in controversy would reach $5 million even if only 6 percent of the Funmobile companies' charges were "unauthorized." Moreover, since Plaintiffs allege that it is a standard and "systematic" practice at Funmobile to levy unauthorized charges, they have "thus put into 'controversy' the propriety of all . . . charges[.]" *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985-86 (7th Cir. 2008).

22.     Of course, Plaintiffs have not limited their demands to a mere refund of supposedly "unauthorized" charges. Plaintiffs also seek to recover "economic, monetary, actual, consequential, and compensatory damages," reasonable costs and attorneys' fees, pre-and post-judgment interest, injunctive, statutory and declaratory relief. Compl. ¶ 62. In addition, Plaintiffs and the putative class seek injunctive relief, Compl. ¶ 62(f), which would involve additional costs of compliance, as well as exemplary or punitive damages. While Plaintiffs

demur from stating the actual amount in controversy, making "no specific allegations that the amount in controversy . . . exceeds any specific amount, let alone $5 million," Compl. ¶ 40, they certainly have not disclaimed recovery in excess of that amount.

23.  Punitive damages may arguably be awarded for proven violations of the Illinois consumer fraud statute, and courts have considered such potential punitive damages even when not expressly sought (in contrast to Plaintiffs here, who admit they want punitive damages). *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006). Under Illinois law, when determining if the amount in controversy is sufficient to permit the exercise of federal jurisdiction, courts will estimate punitive damages at two to three times compensatory damages. *See Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F.Supp.2d 757, 763 (S.D.Ill. 2006) (including possible double or treble punitive damages in calculating amount in controversy). As such, even if only $1.7 million of the charges (approximately two percent of Funmobile's U.S. revenue in 2006 and 2007) are found to be unauthorized, the amount in controversy will reach the $5 million threshold, based on compensatory and punitive damages alone.

24.  Again, although Defendants believe Plaintiffs are not entitled to *any* damages, the total amount in controversy in this case is greater than $5 million. As noted in *Brill*, "[t]hat the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal." 427 F.3d at 448. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(d)(6) is established.

## THIS CASE DOES NOT FALL UNDER THE DISCRETIONARY EXCEPTION CONTAINED IN 28 U.S.C. § 1332(d)(3)

26. The discretionary exception outlined in 28 U.S.C. § 1332(d)(3) does not apply because, among other reasons, there is complete diversity between the class and Defendants. The Defendants are not citizens of the state in which the action was brought.

## NO BASIS EXISTS FOR THIS COURT TO DECLINE TO EXERCISE JURISDICTION UNDER 28 U.S.C. § 1332(d)(4)

27. The Court cannot decline jurisdiction under 28 U.S.C. § 1332(d)(4)(B) because neither of the Defendants is a citizen of the state of Illinois.

28. The Court cannot decline jurisdiction under 28 U.S.C. § 1332(d)(4)(A)(i) because not all principal alleged injuries occurred in Illinois and it appears that more than two-thirds of the putative class members will not be from Illinois. On the contrary, Plaintiffs explicitly have defined the class as all wireless subscribers in the nation. Compl. ¶ 42.

29. Thus, neither Section 1332(d)(4)(A) nor (B) applies and there is no basis for remand.

WHEREFORE, Defendants respectfully remove this action now pending against them in the Circuit Court of Cook County, Illinois, to this Honorable Court.

Respectfully submitted,

/s/ Nicole Auerbach
Nicole Auerbach (IL-6217095)
VALOREM LAW GROUP LLC
35 E. Wacker Drive, Ste. 2900
Chicago, IL 60601
312-676-5469
312-676-5473
nicole.auerbach@valoremlaw.com

Of Counsel

/s/ Michael S. Delusio
Michael S. Doluisio
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
215 994-2325
michael.doluisio@dechert.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a copy of this response was filed electronically with the United States Court for the Northern District of Illinois, Eastern Division, on this 22nd day of July, 2008. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that a copy of this notice has been served on the opposing counsel listed below by depositing a copy of it in the United States mail, first class postage prepaid, on July 22, 2008. I further certify that a copy of this response was filed by hand delievery with the Circuit Court for Cook County on July 23, 2008.

Jay Edelson
Myles McGuire
Steve Lezell
KAMBEREDELSON, LLC
53 W. Jackson Blvd., Ste. 550
Chicago, IL 60604

/s/ Nicole Auerbach
Nicole Auerbach
VALOREM LAW GROUP LLC
35 E. Wacker Drive, Ste. 2900
Chicago, IL 60601
312-676-5469
nicole.auerbach@valoremlaw.com